UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GALLIANO MARINE SERVICE LLC** | **CIVIL ACTION** |
| **VERSUS** | **No. 17-9868** |
| **KEVIN SCHUMACHER ET AL.** | **SECTION I** |

## ORDER & REASONS

Plaintiff Galliano Marine Service LLC ("Galliano") alleges that defendants Matthew McDowell ("McDowell") and Kevin Schumacher ("Schumacher") engaged in a scheme whereby McDowell submitted more time for Schumacher in Galliano's payroll system than Schumacher actually worked, causing Galliano to pay Schumacher over $450,000 for work that he did not actually perform and for which McDowell knew he should not have been paid.[1] In response, Galliano initiated the instant lawsuit on September 29, 2017.[2]

McDowell was served on October 5, 2017[3], and his current counsel enrolled in the case on December 13, 2017.[4] Shortly thereafter, on December 19, 2017, the Court issued a scheduling order, which required all depositions for trial to be taken and all discovery to be completed no later than May 14, 2018.[5]

Galliano has apparently conducted all of the discovery it requires and is prepared to proceed to trial on July 23, 2018—an understandable feat, considering

---

[1] R. Doc. No. 1.
[2] *Id.*
[3] R. Doc. No. 4.
[4] R. Doc. No. 13.
[5] R. Doc. No. 15.

the discovery period lasted approximately five months.[6] McDowell, on the other hand, has not been so industrious. He has not deposed any of Galliano's witnesses or representatives.[7] He also continues to seek responses to various written discovery requests.[8] In light of his failure to comply with the Court's generous discovery calendar and despite the fact that trial is rapidly approaching, McDowell now moves to extend the discovery and deposition deadlines.[9]

Federal Rule of Civil Procedure 16(b)(4) provides that a court's scheduling order "may be modified only for good cause and with the judge's consent." This "good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters., LLC v. South Trust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quotation and citation omitted); *see also Grochowski v. Phoenix Const.*, 318 F.3d 80 (2d Cir. 2003) ("A finding of good cause depends on the diligence of the moving party.").

The Fifth Circuit has applied a four-factor balancing test in certain contexts to determine whether good cause exists to modify a scheduling order by weighing (1) the explanation for the failure to adhere to the deadline at issue; (2) the availability of a continuance to cure such prejudice; (3) potential prejudice; and (4) the importance of the proposed modification to the scheduling order. *See Geiserman v. MacDonald*, 893

---

[6] *See* R. Doc. No. 36.
[7] R. Doc. No. 29-1.
[8] *See id.*
[9] R. Doc. No. 29.

F.2d 787, 790–92 (5th Cir. 1990) (untimely designation of expert witnesses); *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257–58 (5th Cir. 1997) (untimely submission of expert reports); *S & W Enters.*, 315 F.3d at 536 (untimely amendment of pleadings). Three of these four factors weigh strongly against modification of the Court's scheduling order.

First, McDowell offers no real explanation for his failure to adhere to the discovery and deposition deadlines. McDowell asserts that he has made a "good faith effort to comply with [the] Court's deadline[s]" and that he has "diligently engaged in written discovery" and "continued to confer regarding scheduling depositions."[10] The Court, however, is not so convinced.

McDowell did not propound his first set of requests for production until April 3, 2018,[11] nearly three and a half months after the Court's scheduling order was issued. Additionally, McDowell has inexplicably failed to conduct a single deposition in relation to this case. Indeed, McDowell evidently did not even inform Galliano of the nine specific individuals he intended to depose until May 2, 2018, a mere 12 days before the deposition deadline.[12] Finally, McDowell waited until the final day of the discovery period to file the present motion to extend deadlines and a motion to

---

[10] R. Doc. No. 29-1, at 1.
[11] *Id.* at 2.
[12] *See* R. Doc. No. 36 – Exhibit 12. In response, Galliano appears to have offered to accommodate McDowell's late request and inquire as to the feasibility of conducting the requested depositions within the deadline. McDowell's counsel, however, rejected the dates offered and indicated that her paralegal would be in touch with Galliano's counsel to coordinate the scheduling of depositions. According to Galliano, no such contact has been made.

compel.[13] McDowell has not provided any justifiable reason for these dilatory tactics. The first factor, therefore, weighs heavily against extending the deadlines.

Second, the Court finds that "granting a continuance in this late hour would unnecessarily delay trial." *Green v. Archer Daniels Midland*, No. 10-4481, 2012 WL 85409, at *3 (E.D. La. Jan. 11, 2012) (Africk, J.). "District judges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case." *Reliance Ins. Co. v. La. Land and Exploration Co.*, 110 F.3d 253, 358 (5th Cir. 1997).

McDowell has not requested a continuance, and in light of the Court's current trial calendar, any continuance would likely result in a delay of several months. Thus, the second factor counsels against allowing a deviation from the Court's original scheduling order.

Third, extending the discovery and deposition deadlines at McDowell's request would prejudice Galliano by forcing it to divert resources from its trial preparation efforts at this late stage of the litigation. Hence, the third factor weighs against the granting of McDowell's motion.[14]

---

[13] McDowell's motion to compel has been referred to the United States Magistrate Judge.

[14] The Court is aware that the fourth factor likely weighs in McDowell's favor, as the discovery and depositions McDowell seeks may be important to his defense at trial. Nevertheless, McDowell was afforded nearly five months to obtain the information he requires for trial, and he has not demonstrated any good cause as to why his lack of diligence should be overlooked.

4

Ultimately, McDowell simply has not been diligent in attempting to meet the deadlines set forth in the Court's scheduling order. Balancing all of the relevant factors, no extension of the deadlines is warranted.

Accordingly,

**IT IS ORDERED** that McDowell's motion to extend the discovery and deposition deadlines is **DENIED**. Trial will proceed as originally scheduled.

New Orleans, Louisiana, May 21, 2018.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**