UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GALLIANO MARINE SERVICE, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO:  17-09868** |
| **KEVIN SCHUMACHER, ET AL.** | **SECTION: "I" (4)** |

## ORDER

Before the Court is a **Motion to Compel (R. Doc. 28)** filed by defendant, Matthew McDowell. The motion is opposed. R. Doc. 39. The motion was heard on the briefs.

### I.     Background

Plaintiff, Galliano Marine Service LLC ("Galliano"), alleges that defendants, Matthew McDowell ("McDowell") and Kevin Schumacher ("Schumacher"), engaged in a scheme whereby McDowell submitted more time for Schumacher in Galliano's payroll system than Schumacher actually worked, causing Galliano to pay Schumacher over $450,000 for work that he did not actually perform and for which McDowell knew he should not have been paid. R. Doc. 1.  In response, Galliano initiated the instant lawsuit on September 29, 2017. *Id*.

The District Court issued a Scheduling Order in this matter stating that all discovery must be completed by May 14, 2018. The final Pretrial Conference is scheduled for June 28, 2018, with Trial set to begin on July 23, 2018.

The instant motion was filed by McDowell seeking an order compelling the Plaintiff to respond to discovery by correcting its deficient responses. R. Doc. 28. McDowell argues that he propounded the disputed discovery on April 3, 2018 and the deficient responses were received on May 3, 2018. *Id.* at p. 2. McDowell further states that he attempted to resolve the outstanding discovery disputes on May 11 and May 14, 2018. *Id.* at p. 7. The instant motion was filed on May 14, 2018, the discovery deadline in the instant case, with a submission date of June 6, 2018.

McDowell also filed a motion to extend the discovery and deposition deadlines in the case on the same day the motion to compel was filed. R. Doc. 29. The District Court denied the motion stating McDowell had offered no real explanation for his failure to adhere to the discovery and deposition deadlines, was not diligent in attempting to meet the discovery deadlines, and no extension of the discovery deadlines was warranted. R. Doc. 37.

Galliano opposes the motion. R. Doc. 39. Galliano argues that in light of the District Court's ruling the discovery cut-off has passed. *Id.* Galliano contends that this Court has held that all disputes related to discovery must be filed and resolved prior to the discovery deadline and that McDowell's own delays have ensured that the discovery dispute cannot be resolved prior to the discovery deadline. *Id.* As such, Galliano argues the motion should be denied on that basis alone.

## II.    Law and Analysis

This Court has held multiple times that it is axiomatic that the, "[c]ompletion of discovery means that ... any related discovery disputes must be resolved by the deadline as well." *Parkcrest Builders, LLC v. Housing Auth. New Orleans*, No. 15-1533, 2017 WL 4156499 (E.D. La. Sept. 19, 2017) (citing *Fairley v. Wal-Mart Stores, Inc.*, No. 14-0462, 2016 WL 2992534, at *1 (E.D. La. May 24, 2016)); *See also Global Int'l Marine, Inc. v. HLC Tugs, LLC*, No. 09-1375, 2010 WL 11538478, at *1 (E.D. La. July 19, 2010); *Front-Line Promotions & Mktg., Inc. v. Mayweather Promotions, LLC*, No. 08-3208, 2009 WL 928568, at *4 (E.D. La. Apr. 2, 2009). This means that a motion to compel discovery must be resolved, not just filed, by the discovery deadline.

The Scheduling Order states that "[d]epositions for trial use shall be taken and all discovery shall be completed no later than Monday, May 14, 2018." R. Doc. 15. The instant motion to compel was filed on May 14, 2018 and was set for hearing June 6, 2018. R. Doc. 28. McDowell did not seek expedited hearing of the motion. Accordingly, the hearing date of the motion is outside of the

discovery deadline established by the District Court and the motion cannot be resolved within that deadline. Because the motion to compel is unable be resolved within the Scheduling Order's deadline, McDowell is required to provide good cause why he should be permitted to seek discovery after the deadline.

In determining whether a party has provided good cause to seek discovery beyond the deadline set in the Scheduling Order, Courts may examine four factors: "(1) the explanation for the untimely conduct; (2) the importance of the requested untimely action; (3) potential prejudice in allowing the untimely conduct; and (4) the availability of a continuance to cure such prejudice." *Huey v. Super Fresh/Sav-A-Center, Inc.*, No. 07-1169, 2008 WL 2633767, at *1 (E.D. La. June 25, 2008) (citing *S & W Enters., LLC v. S. Trust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enters., LLC*, 315 F.3d at 535 (internal quotations and citations omitted).

The District Court, however, in denying the motion to extend the discovery deadlines in the instant matter, and which was filed on the same day as in the motion to compel, held that McDowell has failed to demonstrate good cause for an extension of the discovery deadline. R. Doc. 37. The District Court reasoned that there was no explanation for the untimely conduct in the case when the first set of requests for production were propounded on April 3, 2018, no depositions were conducted by McDowell, he did not inform Galliano of his intended depositions until 12 days before the deadline, and waited until the final day of the discovery period to file a motion to compel. Further, the District Court held that a continuance would delay trial and prejudice Galliano by causing a diversion of resources because Galliano had completed its own discovery and was beginning trial preparation. While the District Court noted that the discovery may be important for

3

trial, McDowell was afforded nearly five months to obtain the information and there was no demonstration as to why his lack of diligence should be overlooked. *Id.*

This Court, therefore, adopts and incorporates the reasoning of the District Court in this order and finds that McDowell has not demonstrated good cause for an extension of the discovery deadline. Further, the Court notes that McDowell did not argue any of the good cause factors within his motion to compel, nor did he even attempt to seek an expedited hearing on the motion. As such, the motion to compel must be denied.

### III.  Conclusion

Accordingly,

**IT IS ORDERED** that the Defendant's **Motion to Compel (R. Doc. 28)** is **DENIED.**

New Orleans, Louisiana, this 4<u>th</u> day of June 2018.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**