# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GALLIANO MARINE SERVICE LLC** | **CIVIL ACTION** |
| **VERSUS** | **No. 17-9868** |
| **KEVIN SCHUMACHER ET AL.** | **SECTION I** |

## ORDER AND REASONS

Plaintiff Galliano Marine Service LLC ("Galliano") asserts that defendants Matthew McDowell ("McDowell") and Kevin Schumacher ("Schumacher") engaged in a scheme whereby McDowell submitted more time for Schumacher in Galliano's payroll system than Schumacher actually worked, causing Galliano to pay Schumacher over $450,000 for work that he did not actually perform and for which McDowell knew Schumacher should not have been paid.[1] Galliano initiated the instant lawsuit on September 29, 2017, alleging (1) payment of a thing not owed, (2) conversion, (3) breach of fiduciary duty/breach of a duty of loyalty, (4) negligence, (5) unjust enrichment, and (6) civil conspiracy.[2] [3] Galliano has since abandoned its

---

[1] R. Doc. No. 1. Galliano has settled its claims against Schumacher, and Schumacher has been dismissed from the case with prejudice. R. Doc. Nos. 26, 27.
[2] R. Doc. No. 1.
[3] Both McDowell and Galliano acknowledge that civil conspiracy is not a standalone claim under Louisiana law but one that must be based on an underlying tort. *See* R. Doc. No. 52-4, at 15–16; R. Doc. No. 56-2, at 15; *see also Butz v. Lynch*, 97-2166 (La. App. 1 Cir. 4/8/98); 710 So. 2d 1171, 1174 ("Civil Code article 2324 does not by itself impose liability for a civil conspiracy. The actionable element in a claim under this article is not the conspiracy itself, but rather the tort which the conspirators agreed to perpetrate and which they actually commit in whole or in part."). Accordingly, McDowell and Galliano agree that Galliano's claim for civil conspiracy does not relate to its claim for payment of a thing not owed, which is quasi-contractual in nature. *See* R. Doc. No. 52-4, at 15–16; R. Doc. No. 56-2, at 15.

negligence claim.[4]

McDowell now moves for summary judgment on Galliano's remaining claims.[5] Additionally, Galliano moves to strike an exhibit to McDowell's motion.[6] For the following reasons, Galliano's motion to strike is denied as moot, and McDowell's motion for summary judgment is granted in part and denied in part.

## II.

### A.

Summary judgment is proper when, after reviewing the pleadings, the discovery and disclosure materials on file, and any affidavits, the court determines that there is no genuine dispute of material fact. *See* Fed. R. Civ. P. 56. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. *Id.*; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden, the nonmoving party must come forward with specific facts showing that there is a genuine dispute

---

[4] R. Doc. No. 50.
[5] Following a pretrial conference, the Court continued the trial date and permitted McDowell to file an untimely motion for summary judgment in order to streamline the issues to be heard at trial. R. Doc. No. 48.
[6] R. Doc. No. 57.

of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Although the substance or content of the evidence submitted to support or dispute a fact on summary judgment must be admissible . . ., the material may be presented in a form that would not, in itself, be admissible at trial." *Lee v. Offshore Logistical & Transp., LLC*, 859 F.3d 353, 355 (5th Cir. 2017) (quotation omitted).

The party responding to the motion for summary judgment may not rest upon the pleadings but must identify specific facts that establish a genuine issue. *Anderson*, 477 U.S. at 248. The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255; *see also Hunt v. Cromartie*, 526 U.S. 541, 552 (1999).

**B.**

**i.**

Under Louisiana law, "[a] person who has received a payment or a thing not owed to him is bound to restore it to the person from whom he received it." La. Civ. Code art. 2299. "A thing is not owed when it is paid or delivered for the discharge of an obligation that does not exist." La Civ. Code art. 2300. Galliano insists that it can

recover from McDowell for payment of a thing not owed. The Court is not so persuaded.[7]

Galliano's claim for payment of a thing not owed is precluded because it is based on McDowell's allegedly unlawful acts. As another section of this Court has summarized:

> [A] plaintiff cannot assert a claim for payment of a thing not owed based on [a] defendant['s] allegedly illegal . . . activities. A claim for payment of a thing not owed sounds in quasi-contract. In *Fidelity & Deposit Co. of Maryland v. Smith*, 730 F.2d 1026 (5th Cir. 1984), the Fifth Circuit ruled that an obligation is quasi-contractual only if "the action giving rise to it was 'lawful' within the meaning of Article 2293." The former La. Civ. Code art. 2293 defined a quasi-contract as the "lawful and purely voluntary act of man, from which there results any obligation whatever to a third person." Article 2293 was "abrogated as unnecessary" by 1995 La. Acts 1041 on the grounds that it was "purely didactic." In addition to citing article 2293, *Smith* also relied on early Louisiana Supreme Court authority and the civil law commentators. *See Knoop v. Blaffer*, 6 So. 9, 11 (La. 1887) ("the act which gives rise to a quasi contract is a lawful act, and therefore is permitted; while the act which gives rise to an offense or quasi offense is unlawful, and therefore is forbidden"); Saul Litvinoff, 5 La. Civ. L. Treatise, Law Of Obligations § 1.6 (2d ed. 1969) ("Quasi-contracts are willful and lawful acts . . . but they give rise to obligations without the concurrence of wills, that is, without the agreement of the persons involved that is necessary for the formation of a contract. Delicts and quasi-delicts are unlawful acts that cause damage, and their unlawfulness is the feature that distinguishes them

---

[7] The Court notes that the plain text of these statutes does not appear to allow for the type of claim Galliano seeks to assert. Galliano does not contend that it made any undue payment directly to McDowell. Rather, Galliano alleges that McDowell incorrectly inputted payroll information so as to cause Schumacher to be overpaid. In a literal sense, then, McDowell is not a person who has received a payment of a thing not owed to him ***from Galliano***, nor was he paid ***by Galliano*** for the discharge of an obligation that did not exist.

4

from the two preceding sources."). Article 2293 was not abrogated on substantive grounds, and the principle stated in *Smith* that a quasi-contract must be based on a lawful act remains good law.

Plaintiff alleges that defendants' . . . activities were unlawful under the Louisiana statutes. Indeed, that allegation forms the basis of plaintiff's claim for payment of a thing not owed. Under *Smith*, an unlawful act cannot give rise to a quasi-contractual obligation. Thus, plaintiff cannot state a cause of action for payment of a thing not owed.

*Carriere v. Jackson Hewitt Tax Serv.*, 750 F. Supp. 2d 694, 710–11 (E.D. La. 2010) (Vance, J.).

In this case, Galliano alleges that McDowell's conduct was unlawful under Louisiana law.[8] Specifically, Galliano asserts that McDowell is liable for the illegal conversion of its property. This allegation cannot give rise to a quasi-contractual obligation. Galliano's claim for payment of a thing not owed, therefore, fails.[9]

---

[8] *See* R. Doc. No. 60, at 23 ("Accordingly, [Galliano's] conversion claim against McDowell is not prescribed because McDowell 'lulled [Galliano] into a course of inaction in the enforcement of [its] right[s]' by concealing his unlawful conduct."); *Id.* at 26 ("[Galliano] has direct evidence that Schumacher was paid for days he did not work, i.e. he unlawfully converted [Galliano's] property, and [Galliano] has presented abundant circumstantial evidence—which is all that is required—demonstrating McDowell assisted Schumacher in obtaining the overpayments by inaccurately and dishonestly submitting time for days that Schumacher did not actually work.").

[9] Additionally, the case law on this particular issue, though sparse, suggests that it is arguable at best as to whether McDowell can be held liable for payment of a thing not owed. *See Soileau v. ABC Ins. Co.*, 02-1301 (La. App. 3 Cir. 10/3/03); 844 So. 2d 108 (agreeing with the trial court that Article 2299 "does not apply when a third party, who is not acting as the agent of either the giver or the receiver is the conduit" but also that Article 2299 is "limited to the situation in which one person gives something of value to another because of a perceived obligation to that other, when in fact no obligation exists" and that "the direct relationship of two parties interacting, one as the giver of a payment or thing and the other as the recipient of the payment or thing" is an "essential element" of an Article 2299 claim); *see also*

5

*Gallo v. Gallo*, 03-794 (La. 12/3/03); 861 So. 2d 168 (upholding the denial of a claim for payment of a thing not owed where the defendant-mother was deemed not to have received any payment from the plaintiff-father for child support payments that he had made for a child that turned out not to be his and noting that "because the child support payments were received by the child, through the mother, the mother was not a person who received a payment not owed her, a requirement imposed by [Article] 2299 for reimbursement to be made"); *cf. Stewart v. Ruston La. Hosp. Co. LLC*, No. 14-83, 2016 WL 1715192, at *9 (W.D. La. Apr. 27, 2016) (James, J.) (finding Article 2299 to be "inapplicable" because the defendant "did not receive any payment whatsoever" from the plaintiffs).

Galliano cites *American Cyanamid Co. v. Electrical Indus., Inc.*, 630 F.2d 1123 (5th Cir. 1980), for the proposition that a claim under Article 2299 is appropriate in a case such as this. *American Cyanamid* involved an alleged kickback scheme. Specifically, Galliano relies on dicta from a footnote regarding the district court's award of legal interest, which states that the underlying action could have been characterized in various ways and "could be seen as one in quasi-contract for the recovery of the payment of a thing not due." *Id.* at 1129 n.4. This language, Galliano contends, indicates that an Article 2299 claim may lie when a defendant receives money in the form of a kickback from a third party, rather than directly from the plaintiff.

The Court is not convinced that *American Cyanamid* extends as far as Galliano might like. Notably, the underlying action in *American Cyanamid* was based on a claim of conversion. The Fifth Circuit, therefore, did not analyze or address the substantive requirements of a claim for recovery of payment of a thing not owed under Louisiana law. In fact, the court only noted that the case could possibly be viewed as such in service of its broader point that, had an alternative characterization of the case been employed, the parties could have "avoid[ed] the [disputed legal issue] altogether." *Id.* Additionally, the court simply observed that the plaintiff company's claim could be seen as one in quasi-contract for the recovery of the payment of a thing not due; it did not clarify whether such a claim could be pursued against the defendant company, the plaintiff company's employee who received the kickback, or both.

Ultimately, the *American Cyanamid* court did not hold that the plaintiff company's employee was liable for payment of a thing not owed as a result of the kickback he received from the defendant company. The panel merely hypothesized, in a footnote, about a variety of other manners in which the plaintiff company's complaint could have been styled. The Court will, therefore, not read *American Cyanamid* as endorsing the availability of Article-2299-style claims in all situations involving alleged receipt of kickbacks.

6

**ii.**

A claim for unjust enrichment under Louisiana law consists of five elements: "(1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) an absence of justification or cause for the enrichment or impoverishment; and (5) no other remedy at law." *Perez v. Util. Constructors, Inc.*, No. 15-4675, 2016 WL 5930877, at *1 (E.D. La. Oct. 12, 2016) (Africk, J.) (citing *Baker v. Maclay Props. Co.*, 94-1529 (La. 1/17/95); 648 So.2d 888).[10] Galliano pleaded unjust enrichment in the alternative, contending that the Court need only address its claim "in the unlikely event that it concludes that the facts of this case do not entitle [Galliano] to relief under any other theory."[11] The Court, however, reaches a different conclusion: Galliano has other available remedies at law, and its claim for unjust enrichment, therefore, must be dismissed.

As the Court has observed, "Sometimes alternative pleading of unjust enrichment is permissible and sometimes it is not." *Id.* at *2 n.5. "Where it is clear that the plaintiff has or had at one point 'another available remedy' under Louisiana law, then alternative pleading of an unjust enrichment claim is not allowed regardless of whether the plaintiff pursues that remedy in litigation." *Id.*

"Therefore, if a plaintiff has a valid claim under any legal theory, he may not pursue a claim of unjust enrichment." *Main Iron Works LLC v. Rolls Royce Marine N. Am., Inc.*, Nos. 14–1109, 14–2450, 2015 WL 3952709, at *2 (E.D. La. Jun. 29, 2015)

---

[10] *See also see also* La. Civ. Code art. 2298 (codifying Louisiana's doctrine of unjust enrichment).
[11] R. Doc. No. 50.

7

(Milazzo, J.). "The mere fact that a plaintiff does not successfully pursue another available remedy does not give the plaintiff the right to recover under the theory of unjust enrichment." *Walters v. MedSouth Record Mgmt.*, 10-352 (La. 6/4/10); 38 So. 3d 241, 242. In other words, "[i]t is not the success or failure of other causes of action, but rather the *existence* of other causes of action, that determine[s] whether unjust enrichment can be applied." *Garber v. Badon & Ranier*, 07-1497 (La. App. 3 Cir. 4/2/08); 981 So. 2d 92, 100 (emphasis in original).

Further, "the Louisiana courts of appeals have also made clear that an unjust enrichment claim will not lie so long as the law provides a remedy for the enrichment against anyone, not only the defendant against whom the unjust enrichment claim is asserted." *Main Iron Works*, 2015 WL 3952709, at *3. Hence, "a plaintiff is precluded from bringing a claim for unjust enrichment even when he has a claim against someone other than the enriched party." *Id.*

Galliano has pleaded multiple viable claims against McDowell—one for breach of fiduciary duty/breach of the duty of loyalty and two others sounding in conversion and civil conspiracy. Additionally, Galliano pleaded several valid claims against Schumacher, including a seemingly meritorious claim for payment of a thing not owed.[12] Galliano, thus, has (or had) other remedies at law, and its unjust enrichment claim must be dismissed.

---

[12] Indeed, Galliano's claims against Schumacher led to the consummation of a settlement agreement with Schumacher and the dismissal of Schumacher from the case.

8

## C.

With respect to Galliano's remaining claims for breach of fiduciary duty/breach of the duty of loyalty, conversion, and civil conspiracy, the Court finds that further discovery is appropriate. The Court is cognizant of the fact that it previously denied McDowell's motion to extend the discovery and deposition deadlines as well as his motion to extend the dispositive motion deadline. It is also aware that the United States Magistrate Judge denied McDowell's motion to compel on timeliness grounds. As the Court has expressed to counsel on various occasions, all of this could have easily been avoided had McDowell's counsel been more diligent in preparing this case for trial.

Nevertheless, trial has now been continued by several months, and McDowell appears to lack certain pieces of discovery that could be critical to his defense. Thus, in the interest of justice, the Court will permit the parties to engage in further discovery regarding Galliano's remaining claims so that they may be fairly and efficiently heard by the Court at trial.

## III.

For the foregoing reasons,

**IT IS ORDERED** that McDowell's motion for summary judgment is **GRANTED IN PART** and that Galliano's claims for payment of a thing not owed and unjust enrichment are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that McDowell's motion is **DENIED IN PART** with respect to Galliano's claims for breach of fiduciary duty/breach of a duty of loyalty, conversion, and civil conspiracy.

**IT IS FURTHER ORDERED** that the discovery period is reopened and that the parties may engage in further discovery regarding Galliano's claims for breach of fiduciary duty/breach of a duty of loyalty, conversion, and civil conspiracy. Such discovery is to be completed no later than **SEPTEMBER 6, 2018** unless the parties agree by mutual consent to extend the same or an extension is granted by the Court.

**IT IS FURTHER ORDERED** that Galliano's motion to strike the declaration of Captain Collin Gee is **DENIED AS MOOT**, as the Court was not required to consider such declaration in disposing of the instant motion.

**IT IS FURTHER ORDERED** that, in light of the reopening of the discovery period, McDowell may amend his witness list to add Captain Collin Gee.

New Orleans, Louisiana, August 6, 2018.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**