UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GALLIANO MARINE SERVICE, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO:  17-09868** |
| **SCHUMACHER ET AL.** | **SECTION: "M" (4)** |

## ORDER AND REASONS

Before the Court is a **Motion to Compel Depositions of Kirk Chouest, Joseph Borkowski, and Shannon Doucet (Rec. Doc. 99)** and a **Motion to Compel Deposition of Haley Beduze (Rec. Doc. 101)** filed by the Defendant, Matthew McDowell. The Motions are opposed by Plaintiff, Galliano Marine Service, LLC. Rec. Docs. 112, 113. The Motions were given expedited oral argument on September 12, 2018.

### I.      Background

This diversity action was originally filed in the District Court by Galliano Marine Service, LLC, a marine employer specializing in providing crews to vessels. Rec. Doc. 1; September 29, 2017. Galliano alleged that two of their employees, Defendants Matthew McDowell and Kevin Schumacher, engaged in a scheme where McDowell submitted more time for Schumacher in Galliano's payroll system than Schumacher actually worked. This scheme allegedly caused Galliano to pay Schumacher over $450,000 for work that he did not actually perform and for which McDowell knew Schumacher should not have been paid. Rec. Doc. 1, ¶ 11.

Galliano contends that in exchange for the overpayment McDowell was paid kick-backs by Schumacher. Galliano's complaint alleged (1) payment of a thing not owed, (2) conversion, (3) breach of fiduciary duty/breach of loyalty, (4) negligence, (5) unjust enrichment, and (6) civil conspiracy. Rec. Doc. 1. Galliano has since abandoned its negligence claim against McDowell, and Schumacher was dismissed as a party after settling with Galliano. Rec. Docs. 50; 26.

1

The discovery process in this case has been torturous at best. Due to gamesmanship and in an effort to make sure the parties have sufficient information for trial, the Court issued a new Scheduling Order that continued the trial nearly three months, to October 29, 2018. Rec. Doc. 55. On August 6, 2018, the District ruled on McDowell's Motion for Summary Judgment, dismissing Plaintiff's claims of payment for a thing not owed and unjust enrichment. Rec. Doc. 76. The District Court further held that "[w]ith respect to [Plaintiff's] remaining claims for breach of fiduciary duty/breach of the duty of loyalty, conversion, and civil conspiracy, the Court finds that further discovery is appropriate." *Id.*, p. 9. The new discovery deadline was set for September 6, 2018. *Id.*, p. 10. On September 21, 2018, the District Court once more opened the discovery period pending orders from the Court on the numerous discovery disputes that have arisen in this matter, and trial was continued until April 15, 2019. Rec. Doc. 120.

### A.    **Haley Beduze's Deposition Testimony**

McDowell has filed a Motion to Compel Deposition Testimony of Haley Beduze, the Galliano employee who conducted an internal payroll audit into McDowell's alleged overpayments. Rec. Doc. 101. Ms. Beduze's deposition was taken on August 29, 2018, but McDowell contends that her responses were inadequate due to counsel for Galliano's repeated relevance objections, and Ms. Beduze having to leave at 5:00 p.m. for personal childcare reasons. McDowell argues that Galliano's relevancy objections violated Fed. R. Civ. P. 30(c)2, which McDowell contends does not permit Galliano to raise relevance objections during a deposition.[1] Galliano's counsel relevance objections centered on McDowell's attempts to elicit testimony from Ms. Beduze on her audits of overpayments to other employees at Galliano. Galliano's objections

---

[1] In support of their contention that Rule 30 does not allow relevance objections during depositions, McDowell cites *Ferrand v. Schedler*, 2012 U.S. Dist. LEXIS 101597, at *13 (E.D.L.A. July 23, 2012); *Coves of the Highland Cmty. Dev. Dist. v. Mcglinchy Stafford, PLLC,* 2011 U.S. Dist. LEXIS 164001, at *8-10 (E.D.L.A. October 7, 2011); *see also Rangel v. Mascorro*, 274 F.R.D. 585, 591 (S.D.T.X. April 11, 2011).

2

is that in this matter they seek only to recover from McDowell for his overpayments to Schumacher, and no other employee.

### B.  The Depositions of Kirk Chouest, Joseph Borkowski, and Shannon Doucet

McDowell has also filed a Motion to Compel the Depositions of Kirk Chouest, Joseph Borkowski, and Shannon Doucet, three Galliano employees working in various roles related to payroll that McDowell contended are relevant to the matter.[2] Rec. Doc. 99.

McDowell argues that they have been trying to take the depositions of these employees since May 2, 2018, that they are relevant to defending against Galliano's claims of overpayments by McDowell, and that immediately following the re-opening of discovery she contacted Galliano by email stating their intention to take the deposition of the three employees on August 7, 2018. Rec. Doc. 99-4.

On August 9, 2018, Galliano responded via email, raising relevance objections to the depositions on the basis that none of the three employees would be witnesses at trial, and that none of the employees submitted Declarations in support of Galliano's opposition to McDowell's Motion for Summary Judgment. Rec. Doc. 99-5. On August 10, 2018, McDowell responded via email, stating that the depositions are relevant, and that McDowell would imminently notice the depositions for August 30, 2018. Rec. Doc. 99-6.

On August 10, McDowell noticed the depositions of Chouest, Borkowski, and Doucet for August 30, 2018. On August 29, 2018, counsel appeared for oral argument on related discovery

---

[2] Mr. Chouest is a senior executive with ultimate supervisory authority over McDowell; Mr. Borkowski is a vessel captain who purportedly sent regular payroll information of crews to McDowell; and Mr. Doucet is an Operations Manager whom McDowell argues directly oversaw McDowell in his payroll position at Galliano. Rec. Doc. 99, p. 2-3.

3

motions. In front of the Court, counsel for Galliano informed McDowell's counsel that no depositions would be taken, and the instant Motion to Compel was filed as a result.

Galliano opposes the Motions, noting that they have also simultaneously filed a Motion to Terminate Limited Discovery Period before the District Court.[3] Galliano generally argues that McDowell's depositions go far beyond the limited extension granted by the District Court. In particular to the deposition of Haley Beduze, Galliano argues that counsel for McDowell's unspecified combative conduct during the deposition shows clearly that the goal of the deposition is only to harass, and that the Court should not order any additional testimony as a result. In regards to the as-of-yet untaken depositions of Borkowski, Doucet, and Chouest, Galliano contends that McDowell did not properly subpoena the employees, and that none of the three employees are relevant to the matter.

## II.   Standard of Review

Federal Rule of Civil Procedure 30 governs the requirements for depositions by oral examination, allowing a party to "depose any person, including a party, without leave of the court" except in certain cases where the parties have not stipulated to the deposition and if the deponent is confined in prison. Fed. R. Civ. P. 30(a)(1)-(2). Generally, notice for a deposition requires that the party requesting deposition "give reasonable written notice to every other party.... stat[ing] the time and place of the deposition and, if known, the deponent's name and address." Fed. R. Civ. P. 30(b)(1). The noticing party must also state the method to be used for recording the testimony. Fed. R. Civ. P. 30(b)(3).

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense."

---

[3] Rec. Doc. 106. On September 21, 2018, the District Court denied the Motion. Rec. Doc. 120.

4

Fed. R. Civ. P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries," *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978), and "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir. 1994).

Federal Rule of Civil Procedure ("Rule") 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: ... (iii) a party fails to answer an interrogatory submitted under Rule 33, or (iv) a party fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). An "evasive or incomplete" answer or production is treated the same as a complete failure to answer or produce. Fed. R. Civ. P. 37(a)(4).

A motion to compel under Rule 37(a) must also "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 31(a)(1).

**III.    Analysis**

    **A.    The Deposition Testimony of Haley Beduze**

At the hearing, counsel for McDowell argued that the deposition of Haley Beduze began at approximately 3:00 p.m. on August 29, 2018, and was suspended at 5:00 p.m. McDowell argued that the deposition was suspended due to repeated improper relevancy objections by Galliano, and because Ms. Beduze needed to leave for childcare purposes at 5:00 p.m.

Counsel for Galliano contended at the hearing that McDowell's questioning at the deposition was not relevant because it concerned overpayments to other employees of Galliano, not Schumacher, whom Galliano contends is the sole relevant recipient of McDowell's overpayments in this matter.[4] Galliano noted that they previously stipulated[5] that Galliano only seeks to recover from McDowell for his overpayments to Schumacher in this matter, and no other employee. Galliano requested that Ms. Beduze's testimony be limited to McDowell's overpayments to Schumacher, and stipulated on the record that Ms. Beduze would not testify at trial, and that this matter only pertains to overpayments to Schumacher.

McDowell argues that the overpayments to "other employees" is a claim that is joined to the matter, that "other employees" appears in the original complaint numerous times, that the claim cannot be stipulated or amended away, and that it must be dismissed with prejudice under Fed. R. Civ. P. 41 as a result. McDowell contends that if the reference to "other employees" is not dismissed with prejudice they lose the prescriptive defense for future actions involving them.

Galliano countered that they did not intend to join "other employees" as an issue in this action, and that reference to "other employees" was merely an allegation meant to bolster their actual claims regarding Schumacher and McDowell.

The Court finds that Ms. Beduze's deposition will be suspended pending the resolution of the issues regarding the extent, if at all, that "other employees" are a part of this matter.

### C.     The Depositions of Kirk Chouest, Joseph Borkowski, and Shannon Doucet

Counsel for Galliano argued at the hearing that the depositions of Chouest, Borkowski, and Doucet were improperly and unilaterally noticed over Galliano's relevance objections. Counsel

---

[4] Counsel for McDowell states that they have requested a copy of the deposition transcript and intend to supplement upon receipt. Rec. Doc. 101, p. 2, FN. 1.

[5] *See* Court's Order in response to the hearing held August 29, 2018. Rec. Doc. 125, p. 7.

contended that the three employees are not relevant to the matter because none have any knowledge of McDowell's overpayments to Schumacher, and that none of the employees were used to oppose McDowell's Motion for Summary Judgment.

McDowell's counsel countered that all three employees are relevant to the matter. Counsel contended that Chouest is an Operations Manager with ultimate supervisory authority over McDowell, and Borkowski is a vessel captain that regularly submitted payroll information to Galliano. Counsel argues that both Borkowski and Chouest are on witness lists, initial disclosures, and pretrial orders. McDowell further contends Doucet has emerged in discovery as the Operations Manager supervising McDowell, and he was present at McDowell's termination.

After hearing the arguments of both parties and reviewing the submissions, the Court finds that all three employees must be produced for a deposition as all are relevant to providing information regarding Galliano's payroll. Additionally, Doucet had authority over McDowell, and the relevance of both Chouest and Borkowski is established by their presence on Galliano's witness list for trial. Rec. Doc. 25. The testimony of these employees will be restricted to exclude overpayments to any employee other than Schumacher. Once the Court definitively rules on the "other employee" relevancy issue, the Court will hold a telephone discovery conference to determine if further limited depositions regarding "other employees" are necessary.

Accordingly,

**IT IS ORDERED** that Defendant's **Motion to Compel Deposition Testimony of Haley Beduze (Rec. Doc. 101)** is **DENIED.** Once the Court determines whether "other employees" of Galliano besides Schumacher are involved in this matter, the Court will schedule a discovery conference to determine if an additional, limited deposition of Ms. Beduze should be taken regarding her audits of overpayments made by McDowell to the "other employees."

**IT IS FURTHER ORDERED** that Defendant file a brief to the Court on the extent, if any, that Plaintiff's complaint joins McDowell's overpayment of "other employees" to this matter, and whether dismissal with prejudice is called for under Fed. R. Civ. P. 41. Defendant must file a briefing to the Court no later than **September 19, 2018.**

**IT IS FURTHER ORDERED** that the Defendant's **Motion to Compel Depositions of Kirk Chouest, Joseph Borkowski, and Shannon Doucet (Rec. 99)** is **GRANTED.**

**IT IS FURTHER ORDERED** that the Defendant's deposition of Kirk Chouest, Joseph Borkowski, and Shannon Doucet shall concern McDowell's overpayments to Schumacher, and shall not seek information concerning McDowell's overpayments to other employees of Galliano.

New Orleans, Louisiana, this 18th day of October 2018.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**