# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GALLIANO MARINE SERVICE, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 17-09868** |
| **SCHUMACHER ET AL.** | **SECTION: "M" (4)** |

## ORDER AND REASONS

Before the Court is a **Motion for Leave to Amend Complaint (Rec. Doc. 122)** filed by the Plaintiff, Galliano Marine Service, LLC, seeking to amend their complaint to remove reference to Matthew McDowell's improper overpayments to "other" employees. The motion is opposed by defendant, Matthew McDowell. R. Doc. 124. The motion was heard by oral argument on October 17, 2018.

## I. Background

This diversity action was originally filed in the District Court against Kevin Schumacher and Matthew McDowell. Rec. Doc. 1 on September 29, 2017. The Court has summarized the factual background in this contentious matter and related discovery orders and will not give the full summary herein. (R. Docs. 123, 125).

Galliano Marine Service, LLC,("Galliano") a marine employer providing crews to vessels, brought claims against former employees Matthew McDowell ("McDowell") and Kevin Schumacher ("Schumacher") for allegedly stealing time which caused Galliano to pay Schumacher over $450,000 for work that he did not actually perform. 1, ¶ 11. Galliano contends that in exchange for the overpayment McDowell was paid kick-backs by Schumacher.[1] Rec. Docs. 50; 26.

In the subject motion, Galliano now seeks to remove its allegations that McDowell also schemed with "other employees" to steal time. This effort is the result of the issue first making an appearance during discovery hearings held on August 29 and September 12, 2018. In sum, McDowell argued that the scope of discovery concerned overpayments to "other employees". Not wanting to have to produce information

---

[1] Schumacher has since been dismissed as a Defendant after settling with Galliano.

regarding the names of the other employees Galliano's counsel stipulated on the record that it was only pursuing claims against McDowell for overpayments to Schumacher. Thereafter the subject motion was filed seeking to remove all references to McDowell facilitating theft by other employees and seeks to remove the allegations without prejudice. Rec. Doc. 122. Galliano advances several reasons why it should be allowed to remove these allegations without prejudice.

First, it contends that the original complaint's reference to "other employees" was not a claim but rather persuasive verbiage meant only to bolster their claims against Schumacher and McDowell. Next, it contends that the "other employees" were not involved in the overpayment scheme between Schumacher and McDowell. Third, that the Court itself viewed this matter as only involving Schumacher and McDowell in its adjudication of McDowell's Motion for Summary Judgment.[2] Fourth, it tries to shift the blame to McDowell for raising the issue in late in discovery as a delay tactic. Finally, it suggests that there is good cause for its delay in raising the issue because it just came up. *Id.*

McDowell opposes the motion, arguing (1) that under Fed. R. Civ. P. 8[3] and 10[4] Galliano's original complaint clearly and repeatedly asserts <u>claims</u> against McDowell for his overpayments to "other employees,"[5] and that the motion before the Court seeks in reality to accomplish dismissal of claims, not an amendment to a complaint; (2) that the claims cannot be dismissed without prejudice by Galliano under Rule 41(a)(1)(A)(i)(ii);[6] (3) that the Court must order a dismissal with prejudice pursuant to Rule 41(b)

---

[2] Rec. Doc. 76.

[3] McDowell contends that, as required by Rule 8, Galliano has made "a short and plain statement" "showing that the pleader is entitled to relief and a "demand for the relief sought, which may include relief in the alternative or different types of relief." Rec. Doc. 116, p. 5.

[4] McDowell cites Rule 10(b), providing that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or controversy – and each defense other than a denial – must be stated in a separate count or defense." Rec. Doc. 116, p. 8.

[5] McDowell argues that "other employees" appears throughout the original complaint—in the factual background, and the paragraphs concerning damages and claims. Rec. Doc. 116, p. 5-6.

2

because Galliano has failed to prosecute their claims concerning "other employees," or that the Court should use its discretion under Rule 41(a)(2) to dismiss the action with prejudice; and (4) that dismissals under Rule 41 apply only to <u>actions</u>, not <u>claims</u>, therefore requiring the Court to dismiss the entire matter.[7] Rec. Docs. 116, 124.

McDowell alternatively argues, notwithstanding her claim that Galliano is in reality seeking a Rule 41 voluntary dismissal, that the Court should not grant leave to amend under the traditional Rule 15 and 16 analysis because (1) Galliano has offered no adequate explanation for why the amendment was not brought sooner; (2) the amended complaint is futile as it contains causes of action already dismissed with prejudice by the District Court; (3) McDowell would be prejudiced by losing a prescriptive defense in future lawsuits from Galliano concerning "other employees;" (4) a continuance would not cure the prejudice because the matter has already been continued and that extensive discovery has already occurred. Rec. Doc. 124, p. 9-10.

## II. **Standard of Review**

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. Rule 15(a) allows a party to amend its pleadings "only with the other party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Moreover, the Rule urges that the Court "should freely give leave when justice so requires." Id. In taking this liberal approach, the Rule "reject[s] the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

"Rule 15(a) requires a trial court 'to grant leave to amend freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.' " *Jones v. Robinson Prop. Grp.*, 427 F.3d 987, 994

---

[6] McDowell argues that a dismissal with prejudice is required because the Parties have an answer and a motion for summary judgment has been filed, and because no stipulation of dismissal has been signed by all parties. Fed. R. Civ. P. 41(a)(1)(A)(i)(ii).

[7] *See Bailey v. Shell W.E&P Inc.*, 609 F.3d 710, 718-20 (5th Cir. 2010); *see also Exxon Corp. v. Md. Cas. Co.*, 599 F.2d 659, 662 (5th Cir. 1979).

(5th Cir. 2005) (internal quotations marks omitted) (quoting Lyn–Lea Travel Corp. v. Am. Airlines, 283 F.3d 282, 286 (5th Cir. 2002)). When denying a motion to amend, the court must have a "substantial reason" considering such factors as " 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ... and futility of the amendment.' " *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting Jones, 427 F.3d at 994). An amendment is deemed to be futile if it would be dismissed under a Rule 12(b)(6) motion. Id. (citing *Briggs v. Miss.,* 331 F.3d 499, 508 (5th Cir. 2003)).

"[T]he Fifth Circuit [has] clarified that when, as here, a scheduling order has been issued by the district court, Rule 16(b) governs amendment of pleadings." *Royal Ins. Co. of America v. Schubert Marine Sales*, 02–0916, 2003 WL 21664701, at *2 (E.D. La. July 11, 2003) (Englehardt, J.) (citing *S & W Enterprises, L.L.C. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535–36 (5th Cir. 2003)). Rule 16(b) limits changes in the deadlines set by a scheduling order "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). To determine if good cause exists as to untimely motions to amend pleadings, the Court should consider: "(1) the movant's explanation for its failure to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure that prejudice." *Schubert Marine Sales*, 2003 WL 21664701, at *2 (citing S & W Enterprises, 315 F.3d at 536). If the movant can show good cause, the Court will then apply the liberal standards of Rule 15(a). *S&W Enterprises*, 315 F.3d at 536.

**III**.     **Analysis**

Before addressing the substance of the issues raised in the current motion, the Court must first determine if good cause exists for the clearly untimely filed motion to amend. Galliano contends that good cause exists because the issue regarding the significance of its allegations regarding "other employees" just arose in discovery when counsel for the plaintiff sought to obtain information regarding the identity of these individuals. As such, it was at this time that Galliano decided to (1) attempt to stipulate during a discovery hearing to the dismissal of the additional claim against McDowell regarding his conduct as to "other

4

employees and (2) now dismiss the allegations setting forth a claim or claims against McDowell for his conduct with "other alleged employees".

McDowell contends that the subject motion is untimely and that Galliano has not provided good cause for the last minute proposed amendment seeking to delete clear additional allegations against him. As a result, Mc Dowell contends that the subject motion should be denied as untimely.

The Court finds that good cause for the late amendment does not exist. The suggestion that the issue of whether Galliano attempted to assert additional claims against McDowell for alleged conduct that benefited other Galliano employees is not a new issue. In fact the original complaint is replete with allegations regarding the conduct. For example Galliano's original complaint pled fourteen (14) times that McDowell overpaid <u>other Galliano employees</u>, not just Schumacher, for work not actually performed. Rec. Doc. 1, ¶¶ 10, 12, 19, 20, 24, 28, 29, 30, 35, 39, 43. Importantly, Galliano's original complaint repeatedly refers to the overpayment scheme in the singular, showing that Galliano views the overpayments to <u>other employees</u> as being a part of the same scheme as the overpayments to Schumacher. The complaint alleges there was a scheme where McDowell used his payroll position to be the "man on the inside" to knowingly overpay Schumacher and other Galliano employees, and that Schumacher helped McDowell "conceal this scheme from Galliano, delaying Galliano's discovery of the improper payments until only recently." *Id.*, ¶ 1. Therefore, it is facially obvious that Galliano's original complaint has pled claims against McDowell for overpaying other employees in addition to Schumacher.

Further the deadline for amending pleadings expired on January 18, 2018 and the Court is not persuaded by Galliano's current suggestion that it was mere lawyer speak. (Rec. doc. 15) The Court acknowledges that there was discussion on the record during the discovery hearing about the proper procedural mechanism to address the issue and that an amendment was raised as a possibility but later abandoned with instructions to brief the substantive issue. Upon a closer look at the docket, the matter is untimely and the defendants' suggestion that it never intended to assert a claim is belied by its refusal to produce the audit report which it claims is not complete. As a result, the Court does not reach the substantive issue raised herein.

5

Accordingly,

**IT IS ORDERED** that **Plaintiff's Motion for Leave to Amend Complaint (Rec. Doc. 122)** is **DENIED as untimely.**

**New Orleans, Louisiana, this 19th day of October 2018**

_____
**KAREN WELLS ROBY
CHIEF UNITED STATES MAGISTRATE JUDGE**