UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GALLIANO MARINE SERVICE, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO:  17-09868** |
| **KEVIN SCHUMACHER  ET AL.** | **SECTION: "M" (4)** |

## ORDER AND REASONS

Before the Court is a **Motion for Reconsideration (Rec. Doc. 127)** filed by the Plaintiff, Galliano Marine Service, LLC ("Galliano"), seeking an order (Rec. doc. 125) reconsidering its ruling regarding whether Schumacher could obtain information regarding overpayments to other Galliano employees as sought in Request Nos. 4-8. McDowell opposes the motion. Rec. Doc. 129. The motion was heard on the briefs.

 Also before the Court is a **Motion to Set Status Conference (Rec. Doc. 136)** filed by McDowell seeking a re-deposition of Galliano's auditor, Haley Beduze. Galliano opposes the Motion. Rec. Doc. 137.

**I.     Background**

Galliano filed this diversity action alleging that its payroll employee, Matthew McDowell, purposefully overpaid Kevin Schumacher and "other employees" in exchange for kick-backs. (Rec. Doc. 1.)   While Galliano alleges that McDowell's conduct included other employees it now seeks to limit its discovery responses to only McDowell contending that the language did not constitute an allegation but was just additional language.

Galliano now seeks reconsideration of the Court's ruling requiring it to respond to Requests for Production of Documents 4-8.  First, Galliano contends that McDowell's counsel did not raise any issue regarding its response to RFP Nos. 5-8 and the Court did not address Galliano's objections to those requests.  Second, Galliano also contends that the Court's order regarding RFP's 4-8 does not reflect the limitation that it would be required to only respond to the discovery

1

to the extent they involve Schumacher and not the "other" Galliano employees. Galliano seeks clarification regarding whether it is required to respond to RFP Nos. 4-8 regarding other matters "not having relevance or connection to Schumacher" which it contends is problematic because the requests are "extremely broad".

The Request for Production at issue sought (1) boat logs for all vessels, (RFP 4), (2) all payroll correction forms ( RFP 5), (3) all vessel contracts with required crewmembers (riggers, captains, etc, (RFP 6), (4) manager billing logs (RFP 7), and (5) any shipyard security sign in logs. Galliano contends finally that it has produced all responsive documents regarding Schumacher to the extent they exist (RFP 8).

McDowell contends that although not reflected in the order, the Court limited the scope of its originally overly broad request for the boat logs to the logs (RFP 4) referenced on Chouest's affidavit in connection with the summary judgment.  (Rec. doc. 60-2) Court transcript, hearing dated August 29, 2018, P.8) McDowell points out that she was concerned that Galliano believed that McDowell helped someone else steal money. Galliano contends that only Request for Production No. 9 is limited to "referencing Schumacher" such that the Court's order is clear and the Schumacher limitation does not apply to Requests for Production of Documents 4-8. McDowell contends that because the allegations regarding McDowell and "other" Galliano employees remain parties to the lawsuit. As a result, the Court's order requiring the production of boat logs, payroll correction forms, vessel contracts, manager billing logs and Shipyard security sign in logs remain relevant.

B.  **Request for Status Conference**

McDowell filed a motion to Set Status Conference (Rec. Doc. 136) to discuss the extent that he may re-depose Galliano's auditor, Haley Beduze because her deposition was incomplete on August 29, 2018. McDowell points out that the Court denied his request to depose Beduze (Rec. doc. 132) until a determination made regarding the impact of the "other employees" language in Galliano's complaint.

Beduze's testimony was originally limited to overpayments as to Schumacher and McDowell. McDowell would like to question her about (1) overpayments to other Galliano employees and (2) to address the alleged eight (8) impermissible changes Ms. Beduze's made to her testimony according to the Errata Sheet.

Galliano opposes the motion. Galliano contends that (1) the undersigned should await the district judge's ruling regarding "other employees" as it has appeal the court's denial of its motion to amend and (2) Beduze's errata sheet was proper and does not justify the opening of her deposition.

## II.   Standard of Review

### A.   Reconsideration

Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to "revise[ ] at any time" "any order or other decision ... [that] does not end the action," Fed. R. Civ. P. 54(b). *Austin v. Kroger Texas, L.P.*, 864 F.3d 326 (5th Cir. 2017).

"Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds*, 37 F.3d 1069 (5th Cir. 1994)). Nonetheless, "[t]he power to

reconsider or modify interlocutory rulings 'is committed to the discretion of the district court . . . .'" *Id.* at 337 (quoting *Sant Annes Dev. Co., Inc. v. Trabich*, 443 F. App'x 829, 832 (4th Cir. 2011)).

### B. Status conference

Rule 16(a) provides that a court may, in its discretion, direct attorneys for the parties to appear before it for a conference in order to expedite matters. As a result, the Court has the authority pursuant to Fed. Rule 16(a) to convene a status conference to discuss discovery disputes.

## III. Analysis

### A. Reconsideration

Galliano contends that the Court's order regarding Request for Production 4-8 was not considered in open court and it seeks clarification regarding its objection that the requests were overly broad or that it had no such documents to produce. Galliano contends that during the August 29, 2018 hearing McDowell's counsel did not express any issue with RFP's- 5-8 so the court did not consider its objection. In contrast, during the October 3, 2018 rehearing on the re-urged motion to compel, McDowell expressed concerns about the sufficiency of the response.

Galliano's position is partially correct. The Court during the August 29, 2018 hearing did address Requests for Production 4 but did not consider further 5-8. Each of these requests were temporally expansive from January 1, 2014 to the present. In considering, Request No. 4, McDowell's counsel offered to restrict the requests for boat logs for vessels mention in the affidavit of Ms. Beduze. Beduze stated in her affidavit that the audit she had conducted included a review of the boat log and payroll records for the boats that Schumacher worked on. (Affidavit Hayley Beduze, Rec. doc. 60-2) Considering McDowell counsel's further limitation that the scope of No. 4 be restricted to Beduze's affidavit, the logs and payroll records for the boats that Schumacher worked are subject to production from January 2014 to the date of his termination.

4

Galliano is correct that during the August 29, 2018 hearing the Court did not specifically address Requests No. 5-8.  Considering that no oral ruling was provided, the Court will separately address each Requests. Requests No. 5 seek the payroll correction forms from January 2014 to the present.  Galliano in its response indicated that it conducted a search of its records and did not locate any payroll correction forms regarding Schumacher.  The Court finds that Galliano's response to Request for Production is sufficient and the ruling of October 3, 2018 regarding this request is reversed and no further response is required.

Next Galliano contends that Requests for Production No. 6, which seeks the production of all vessel contracts with crewmembers including riggers is not relevant to any issue in this case. The Court in reconsidering its ruling finds that Galliano is correct.  McDowell has not articulated why third-party contracts have any relevancy or involvement in the alleged payroll fraud scheme. As a result, the Court sustains Galliano's relevancy objection.  The ruling of October 3, 2018 as to Request for Production No. 6 is reversed. No further response is required.

Request for Production No. 7 sought the production of manager billing logs.    Galliano responded that it looked for manager billing logs and found none.  The Court finds that this response is sufficient.   The October 3, 2018 as to Request for Production No. 7 is reversed.   No further response is required.

Request for Production No. 8 sought the production of all shipyard security sign in logs from 2014- present.  Galliano responded that it looked for the Houma shipyard records where Schumacher claimed to have worked but found no such sign in logs for Schumacher.   The Court in reconsidering its ruling finds that Galliano's response to Request for No. 8 is sufficient.  The October 3 2018 order as to Request for Production 8 is reversed.  No further response is required.

B **<u>Status Conference</u>**

McDowell requests a status conference (1) permission to re-depose Beduze, the auditor to consider the allegation that Galliano believes that McDowell engaged in payroll fraud that benefitted other employees and (2) Beduze improperly changed her testimony using the Erata sheet.

Galliano contends that the Court should not require Beduze to sit for a re-deposition until after the District Judge ruled on its request for review of the undersigned's denial of its motion to amend its complaint to remove the allegations that the audit included other employees. Galliano contends that in the interest of judicial efficiency is appropriate for this court to suspend its ruling. Galliano also contends that Bedzue's Errata Sheet was proper and does not warrant a reopening of her deposition.

The Court in considering whether the scope of Beduze's testimony should include the allegations of "other employee" that were involved or benefited from the alleged McDowell payroll fraud was addressed in the denial of the motion to amend the complaint. Without re-litigating the issue, the court did not find it persuasive that the inclusion of the reference to other employees was extraneous. Further when addressing the issue in Court while counsel for Galliano offered to remove the allegation from the pleadings, he refused to do so with prejudice. As a result, the Court finds that a limited re-deposition of Beduze addressing the topic is appropriate. However, a request for a status conference to discuss the limited re-deposition of Beduze is **DENIED.**

McDowell also contends that he should be allowed to depose Beduze about the changes made in the errata sheet McDowell contends that the changes Beduze made were in violation of Fed. R.Civ.P 30(e). Fed. R. Civ. P. 30(e) requires the notification of the deponent that the

6

recording is available in which if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them. Contradictory changes and corrections based on improper subject matter not permitted.

Galliano contends that re-deposing Beduze about the changes made to the errata sheet is not warranted. Galliano further contends that if McDowell has questions about the changes she made that the he can cross-examine her during the trial.

Considering that neither party attached the errata sheet for the court's consideration, a status conference for the limited purpose of considering the errata sheet and its impact is **GRANTED**.

**IT IS THEREFORE ORDERED THAT** Plaintiff's **Motion for Reconsideration (Rec. Doc. 127) and the Motion for Status Conference** are   **GRANTED IN PART AND DENIED IN PART.**

> It is  **GRANTED** to the extent that Galliano is not required to provide any further response to Requests for Production of Documents 5-8.
>
> It is **DENIED** to the extent that Galliano is required to provide a further response to Request for Production No. 4 subject to the logs referenced in Beduze's deposition.

**IT IS ORDERED THAT the Motion for Status conference is:**

1. **IT IS FURTHER ORDERED THAT**  a status conference is not warranted regarding the  limited re-deposition of Beduze but hereby grants the request permitting the deposition to address the "other employees" subject matter.
2. **IT IS FURTHER ORDERED THAT** a status conference is warranted regarding Beduze's changes to the errata sheet and its impact if any.  The status conference will take place on January 8, 2019 at 10:00 A.M. in the chambers of Chief U.S. Magistrate Judge Karen Wells Roby**.**

New Orleans, Louisiana, this 26th day of December 2018.

_____
**KAREN WELLS ROBY
CHIEF UNITED STATES MAGISTRATE JUDGE**