UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GALLIANO MARINE SERVICE, LLC | CIVIL ACTION |
| VERSUS | NO. 17-9868 |
| KEVIN SCHUMACHER and MATTHEW MCDOWELL | SECTION: M (4) |

### ORDER & REASONS

Before the Court is a motion for review[1] of the United States Magistrate Judge's Order regarding a motion for leave to amend complaint[2] filed by plaintiff Galliano Marine Service, LLC ("Galliano Marine"), to which defendant Matthew McDowell ("McDowell") responds in opposition.[3] The Court, having considered the United States Magistrate Judge's Order, the parties' memoranda, the history of the case, and the applicable law, hereby AFFIRMS the United States Magistrate Judge's Order.

Galliano Marine seeks review of the United States Magistrate Judge's denial of its motion for leave to amend the complaint to remove references to overpayments McDowell allegedly facilitated to other Galliano Marine employees, in addition to Kevin Schumacher ("Schumacher"), in return for kickbacks.[4] Galliano Marine argues that it did not intend to assert such claims against McDowell in this litigation and simply wants to clarify the record.[5]

The United States Magistrate Judge found that good cause does not exist for the amendment dismissing such claims without prejudice because Galliano Marine, in its original complaint, referenced McDowell-facilitated payments to "other employees" fourteen (14) times and refers to the "overpayment scheme" in the singular as one scheme involving other employees

---

[1] R. Doc. 138.
[2] R. Doc. 133.
[3] R. Doc. 142. Defendant Kevin Schumacher settled with Galliano Marine and has been dismissed from the case. *See* R. Doc. 27.
[4] R. Doc. 138.
[5] R. Doc. 138-1 at 2.

in addition to Schumacher.[6]  The United States Magistrate Judge also found that Galliano Marine intended to make claims against McDowell related to "other employees" because it is in the process of preparing an audit regarding such claims.[7]

Magistrate judges are empowered to "hear and determine" certain non-dispositive pretrial motions, including a motion for leave to amend the complaint.  28 U.S.C. § 636(b)(1)(A); *see also PYCA Indus., Inc. v. Harrison Co. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 n.11 (5th Cir. 1996).  If a party is dissatisfied with a magistrate judge's ruling, it may appeal to the district court.  Fed. R. Civ. P. 72(a).  When a timely objection is raised, the district court will "modify or set aside any part of the order that is clearly erroneous or is contrary to law."  *Id.*; *see also* 28 U.S.C. § 636(b)(1)(A).  The court reviews the magistrate judge's "factual findings under a clearly erroneous standard, while legal conclusions are reviewed *de novo*."  *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014) (internal citation omitted).  A factual "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

Courts are to "freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a).  However, leave to amend is not automatic.  *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994).  Courts consider multiple factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Galliano Marine's motion to amend was untimely, coming months after the deadline for amendments (January 18, 2018) established in the Court's scheduling order.  To determine if good cause exists as to untimely

---

[6] R. Doc. 133 at 5.
[7] *Id.*

2

motions to amend pleadings, a court considers: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *S&W Enters. v. Southtrust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003).

The United States Magistrate Judge correctly found that there was no good cause to allow Galliano Marine's proposed amendment to remove references to "other employees." The repeated references to "other employees" in the complaint and the unfinished audit clearly demonstrate that Galliano Marine asserted such claims against McDowell in this litigation. Further, permitting Galliano Marine to dismiss those claims without prejudice would prejudice McDowell by leaving the door open to the possibility that Galliano Marine would assert such claims against McDowell in future litigation. Justice and fairness require that Galliano Marine pursue such claims in this litigation if it intends to pursue them at all. On the other hand, if Galliano Marine does not seek to pursue claims against McDowell related to the alleged overpayment of "other employees," it can file a motion to dismiss those claims with prejudice.[8] In short, at this stage of the case, amendment of the complaint is not the appropriate means to accomplish the end Galliano Marine seeks; dismissal is. Therefore, the United States Magistrate Judge's order denying Galliano Marine's motion for leave to amend the complaint is neither clearly erroneous nor contrary to law and, consequently, is AFFIRMED.

New Orleans, Louisiana, this 8th day of January, 2019.

                                                     BARRY W. ASHE
                                                     UNITED STATES DISTRICT JUDGE

---

[8] In his opposition memorandum, McDowell indicated that he likely would not oppose such a motion. *See* R. Doc. 142 at 9-12.